UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROSA I. REYES,                                                        No. 12 CV 7427 (MGC)
                                                                      ECF CASE
               Plaintiff,

            -against-                                           COMPLAINT

LR CREDIT 22, LLC,  MEL S. HARRIS AND                                 **JURY TRIAL DEMANDED**
ASSOCIATES, LLC, and TODD FABACHER,

               Defendants.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Rosa I. Reyes, by her attorneys Lincoln Square Legal Services, Inc., for her Complaint alleges as follows:

### PRELIMINARY STATEMENT

1. Defendants -- all "debt collectors" as defined by the Fair Debt Collection Practices Act -- sued Plaintiff in *LR Credit 22 LLC v Reyes*, Index # CV-050591-11 (Civ.Ct. NY Co.) ("the State Court Action") based on time-barred claims and, in order to secure a Default Judgment, then misrepresented under oath that the action was filed timely. On that basis, a Default Judgment was entered.

2. Defendants -- a large debt buyer and its legal counsel in nearly 3,500 collection actions in 2011, and the person who signed affidavits of merit in support of their default judgment applications -- knew or should have known that the claims against Ms. Reyes were untimely. Nonetheless, they commenced the State Court Action and secured a Default Judgment based on sworn misrepresentations of timeliness.

1

3.  Ms. Reyes brings this action to recover actual and statutory damages for Defendants' violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the New York General Business Law § 349, and the New York Judiciary Law § 487 prohibiting false, unfair and deceptive acts and practices.

## THE PARTIES

4.  Plaintiff Rosa I. Reyes is a natural person residing in the County and State of New York. She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.  Defendant LR Credit 22, LLC ("LR Credit") is a limited liability company engaged in the business of debt collection in New York State.  LR Credit is and does business as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Defendant Mel S. Harris and Associates, LLC ("Mel Harris") is a limited liability company engaged in the business of debt collection and the practice of law in New York State.  Mel Harris is and does business as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  Upon information and belief, Defendant Todd Fabacher is employed by Defendant Mel Harris to, *inter alia*, sign affidavits of merit which the other Defeandants submit to secure default judgments in collection actions.  He is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8.  This Court has federal question subject matter jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

9. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in this District.

## FACTS

### The Credit Card Account Default

11. On September 2, 2008, Ms. Reyes made her final payment on a Chase Bank USA, N.A. credit card account #4266851056259416 ("the Account").

12. On September 30, 2008, when the next payment was due on the Account, she defaulted.

13. When Ms. Reyes defaulted and Chase Bank USA N.A., cause of action against her accrued, Chase Bank USA, N.A. had its principal place of business in Delaware.

14. It was from Delaware, that Chase Bank USA, N.A. issued monthly account statements, and it was to Delaware that Chase Bank USA, N.A. directed that all payments and any inquiries be made.

### The State Court Action

15. On October 6, 2011, as purported assignee of the Account from Chase Bank USA, N.A., LR Credit commenced the State Court Action against Ms. Reyes to collect a debt claimed due on the Account, by filing a Summons and Complaint.

16. The State Court Action against Ms. Reyes was among the nearly 3,500 collection actions filed by Defendants LR Credit and Mel Harris in 2011 in the New York City

Civil Court alone, as the New York State Uniform Court System's online case information system at http://iapps.courts.state.ny.us/webcivil/ecourtsMain reflects.

17. Service of the Summons and Complaint was attempted by "nail and mail".

18. As service was attempted at Ms. Reyes's former address, she did not know about the action in time to answer.

19. In late November 2011 or in December 2011, Defendants applied to the Court for a Default Judgment against Ms. Reyes.

20. In support of their Default Judgment application, Defendants submitted an "Affidavit of Merit" by which Defendant Todd Fabacher swore on November 29, 2011, that he was "an authorized and designated custodian of records for [LR Credit 22, LLC] in the State of NY", and that:

> "In accordance with CCM-186A [1] this cause of action accrued in the state of NY having a 6 year statute of limitations with respect to collection of debts of this kind. After reasonable inquiry, I have reason to believe that the applicable statute of limitations had not expired as of the date this lawsuit had been commenced."

---

[1]   Chief Clerk's Memorandum (CCM) 186A was issued on June 1, 2010, by the Deputy Chief Administrative Judge and Chief Clerk of the New York City Civil Court, based upon the New York Court of Appeals decision in Portfolio Recovery Associates v. King, 14 NY3d 410 (2010) (discussed *supra* at ¶¶ 29 - 32, 36). CMM-186A directs that:

> "[a] request for a default judgment entered by the Clerk following CPLR § 3215, must be accompanied by an affidavit by the debt-collector (who may be the plaintiff or the plaintiff's attorney) stating: where the cause of action accrued; if the cause of action accrued outside of New York, the statute of limitations for that state; and a statement that after reasonable inquiry, the debt collector has reason to believe that the applicable statute(s) of limitations has/have not expired."

4

21.     It is Defendants' practice to submit to courts deceptive and misleading affidavits of merit signed by Defendant Fabacher in support of default judgment applications. See Sykes v. Mel Harris & Associates, LLC. et al, 2012 WL 3834802, *3-4 (S.D.N.Y. Sept. 4, 2012) (J. Chin).

22.     Indeed, based upon Fabacher's own deposition testimony in Sykes, taken on November 21, 2011 (eight days before he signed the Affidavit of Merit in support of a Default Judgment against Ms. Reyes), the Sykes court identified him as "the director of information technology for Mel Harris" and found that:

> "…Fabacher signs hundreds of affidavits [of merit in support of default judgments] a week, puportedly based on personal knowledge, purporting to certify that the action has merit, without actually having reviewed any credit agreements, promissory notes, or underlying documents, and, indeed, without having read what he was signing."

Sykes, 2012 WL 3834802, *3, 4.

23.     On January 12, 2012, based on Defendants' Default Judgment application, including Mr. Fabacher's Affidavit of Merit, a Default Judgment against Ms. Reyes was entered.

24.     In March 2012, Defendants Mel Harris and LR Credit enforced the Default Judgment by having Ms. Reyes's bank account restrained.

25.     In March 2012, Ms. Reyes first learned about the State Court Action when her bank account was restrained.

26.     Ms. Reyes then made a Motion to Vacate the Default Judgment and, by Stipulation dated April 18, 2012, the Default Judgment was vacated.

5

27.     On May 17, 2012, as the Stipulation allowed, Ms. Reyes's Answer was served, and included the affirmative defense that the claims were barred by the statute of limitations.

28.     On July 16, 2012, Ms. Reyes filed a Motion to Dismiss on the ground that LR Credit's claims against her were time-barred.

**The Claims Against Ms. Reyes In The State Court Action Were Time-Barred**

29.     New York's "borrowing statute" at N.Y. C.P.L.R. § 202 provides in relevant part:

> "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

30.     In other words, under N.Y. C.P.L.R. § 202, when a cause of action accrues outside of New York State in favor of a non-resident, the action based upon it must be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.  See Portfolio Recovery Assocs., LLC v. King, 14 N.Y.3d 410, 416 (2010) citing Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (1999).

31.     The cause of action accrues where the injury is sustained; if the claimed injury is purely economic, the cause of action typically accrues where the injured party resides and sustains the economic impact of the loss. King, 14 N.Y.3d at 416 (2010) citing Triarc, 93 N.Y.2d at 529 (1999).

32.     In King, the New York Court of Appeals applied its long-standing N.Y. C.P.L.R. § 202 analysis to a collection action for breach of a credit card contract assigned by Discover Bank, which had its principal place of business in Delaware, and (a) found that the

economic injury from which the cause of action accrued occurred in Delaware, where Discover Bank resided and sustained the economic impact of the loss, and (b) held that an assignee plaintiff is not entitled to stand in a better position than its assignor. King, 14 N.Y.3d at 416.

33. Thus, the King Court held that Delaware's three-year statute of limitations for breach of contract actions governed the claims against King and, thus, time-barred those claims when the collection action was filed more than three years after the default. See King, 14 N.Y.3d at 416; N.Y. C.P.L.R § 202; Del. Code Ann. tit. 10 § 8106.

34. Chase Bank USA, N.A.'s cause of action against Ms. Reyes accrued on September 30, 2008, when she defaulted on her Chase Bank USA, N.A. credit card account.

35. Before, at and since the time of Ms. Reyes default, Chase Bank USA, N.A. has resided in Delaware, where it has had its principal place of business.

36. Indeed, before, at and since that time, Delaware has been the *only* state in the country in which Chase Bank USA, N.A. has had an office.

37. Delaware's three-year statute of limitations for breach of contract actions governs Defendants' claims against Ms. Reyes in the State Court Action; thus, those claims were time-barred when the State Court Action was filed on October 6, 2011. See N.Y. C.P.L.R. § 202; Del. Code Ann. tit. 10 § 8106; King, 14 N.Y.3d at 416.

## Actual Damages Incurred

38. Ms. Reyes incurred actual damages of $222.10 in the form of out of pocket expenses, including but not limited to, fees charged due to the restraint of her bank account.

## CLAIMS FOR RELIEF

### First Claim

*[False, Deceptive or Misleading Representations and Means, FDCPA, 15 U.S.C. § 1692e]*

39.     By filing an action based on time-barred claims, and by misrepresenting to the court that the action was timely in support of its Default Judgment application, Defendants used false, deceptive or misleading representations and means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

### Second Claim

*[Unfair Means, FDCPA, 15 U.S.C. § 1692f]*

40.     By filing an action based on time-barred claims, and by misrepresenting to the court that the action was timely in support of its Default Judgment application, Defendants used unfair or unconscionable means in connection with the collection of a debt in violation of 15 U.S.C. § 1692f.

### Third Claim

*[Deceptive Acts and Practices Unlawful, N.Y. General Business Law § 349]*

41.     By filing an action based on time-barred claims, and by misrepresenting to the court that the action was timely in support of its Default Judgment application, Defendants used deceptive acts and practices in connection with the collection of a debt in violation of N.Y. Gen. Bus. L. § 349.

### Fourth Claim

*[Misconduct by Attorneys, N.Y. Judiciary Law § 487]*

42.     By filing an action based on time-barred claims, and by misrepresenting to the court that the action was timely in support of its Default Judgment application, Defendant Mel Harris used deceptive acts and practices to decieve the court and the Plaintiff in connection with the collection of a debt in violation of N.Y. Judiciary Law § 487.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order and Judgment against Defendants awarding her:

1. pursuant to 15 U.S.C. § 1692k,

    a. Actual damages of $222.10;

    b. Maximum statutory damages of $1,000;

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C § 1692k.

2. pursuant to N.Y. Gen. Bus. Law § 349h:

    a. Actual damages of $222.10;

    b. Treble damages; and

    c. Attorney's fees pursuant to N.Y. Gen. Bus. Law § 349h,

3. pursuant to N.Y. Judiciary Law § 487, from Defendant Mel Harris and Associates, LLC:

    a. actual damages of $222.10;

    b. treble damages; and

      c. costs and reasonable attorney's fees.

4. Such other and further relief as this Court deems just, proper and equitable.

Dated: October 3, 2012
New York, New York

Lincoln Square Legal Services, Inc.
*Attorneys for Plaintiff*

MARCELLA SILVERMAN
Bar # MS 2706
Fordham University School of Law
33 West 60th Street, 3rd Floor
New York, New York 10023
Tel: (212) 636-7353

ELIZABETH MARESCA
Bar # EM 4799

NICHOLAS GIANNUZZI
MAYA KHODOS
*Legal Interns*